UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL PARHAM,

        Petitioner,

v.                                                      Case Number: 10-cv-10523
                                                      Honorable John Corbett O'Meara

JEFFREY WOODS,

        Respondent.
        _____/

## OPINION AND ORDER
## DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Darnell Parham, a state prisoner presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his first-degree-murder and felony-firearm convictions, which were imposed following a jury trial in Wayne County, Michigan, circuit court. Petitioner was sentenced to life imprisonment, without the possibility of parole, for the first-degree-murder conviction and the mandatory two years imprisonment for the felony-firearm conviction. Petitioner acknowledges that he previously, on January 19, 2007, filed a habeas petition in federal court, challenging the same convictions and sentences, which was denied on the merits. *Parham v. Warren*, No. 07-cv-10317 (E.D. Mich. Oct. 28, 2009) (Steeh, J.). For the following reasons, the Court will dismiss without prejudice the petition.

I.

Before a second or successive habeas petition is filed in the district court, the applicant is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit has held that "when a

second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). "Indeed, the purpose of [§ 2244(b) ] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998).).

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Petitioner's prior habeas action challenged the same convictions he challenges herein. His instant petition is therefore "second or successive," for purposes of section 2244(b)(3)(A).

In *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996), the Second Circuit held that "when a second or successive petition for habeas corpus relief is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631, as was done in this case." *Liriano*, 95 F.3d at 123.

This Court finds the Second Circuit's view persuasive. Thus, the Court concludes that when a prisoner seeks a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from Sixth Circuit, the district court shall transfer the document to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Furthermore, this Court lacks jurisdiction over a habeas action that is "second or successive." See *Key*, 205 F.3d at 774; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Although Petitioner has submitted an application to the Sixth Circuit requesting leave to file a second or successive habeas petition, he has not yet obtained the requisite permission from the Sixth Circuit in order to file this petition. This failing operates as a jurisdictional bar that precludes this Court's consideration of the merits of the petition; this Court does not have jurisdiction to hear Petitioner's claim and it is without authority to enter a stay of the proceedings. See *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it.").

II.

Accordingly, the Court **ORDERS** that Petitioner's petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** to re-filing, if proper authorization from the Sixth Circuit is obtained.

s/John Corbett O'Meara
United States District Judge

Date: February 17, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 17, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager